UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JACKIE R. SAMPSON  (#100358)

VERSUS                                                                  CIVIL ACTION

DONALD JONES, ET AL                                      NUMBER 07-512-RET-DLD

## RULING

Pro se plaintiff, an inmate at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Donald Jones, Chad Butler, Tom Milam, Ronny R. Constance, Mark Allen, Davie Jones, R. Peabody, an unidentified lab technician and four unidentified members of the cell entry team . Plaintiff alleged that he was issued false disciplinary reports, denied due process at disciplinary board hearings, and was subjected to an excessive use of force in violation of his constitutional rights.

Service was ordered on September 18, 2007. On October 4, 2007, the United States Marshal sent the plaintiff a memorandum instructing him to complete the Form USM-285 and return it to the Marshal so that service of process could be effectuated. Plaintiff failed to respond to the October 4, 2007 request. On April 1, 2008, the plaintiff was ordered to show cause why the complaint should not be dismissed for failure to prosecute.[1] In his response to the show cause order the plaintiff asserted that he thought he sent the Marshal the Form USM-285. On May 1, 2008, the plaintiff was granted an additional 15 days to complete the Form USM-285 and return it to the United States Marshal at the specified address. Two USM-285 forms were attached to the service copy

---

[1] Record document number 9.

of the order. Plaintiff was placed on notice that the failure to comply with the court's order may result in the dismissal of his complaint without further notice. Plaintiff failed to comply with the court's order.

Rule 16(f), Federal provides:

> (f) Sanctions. If a party or party's attorney fails to obey a scheduling or pretrial order, . . . . the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D). In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

A district court should dismiss a complaint with prejudice as a sanction only when there is a clear record of delay or contumacious conduct by the plaintiff and lesser sanctions would not serve the best interests of justice. *John v. State of Louisiana*, 828 F.2d 1129 (5th Cir. 1987). It is the stubborn resistance to authority that justifies a dismissal with prejudice. *Stearman v. C.I.R.*, 436 F.3d 533, 537 (5th Cir. 2006). A district court should consider aggravating factors including whether the plaintiff himself contributed to the delay, whether the defendant suffered actual prejudice, and whether the delay was intentional. *Price v. McGlanthery*, 792 F.2d 472, 474 (5th Cir. 1986) (per curiam) (citing *Callip v. Harris County Child Welfare Dept.*, 757 F.2d 1513, 1519 (5th Cir. 1985) (per curiam)). Where further litigation on the claim will be time-barred, a dismissal without prejudice is no less severe a sanction than a dismissal with prejudice, and the same standard of review is used. *Williams v. Brown & Root, Inc.*, 828 F.2d 325 (5th Cir. 1987) citing *McGowan v. Faulkner Concrete Pipe Co.*, 659 F.2d 554, 556 (5th Cir. Unit A Oct. 1981).

Uniform Local Rule 41.3M (C) provides that a civil action may be dismissed, without prejudice, by the court for lack of prosecution where a cause has been pending six (6) months without proceedings being taken within such period. The action may be reinstated within 30 days for good cause shown.

It is clear that the plaintiff has lost interest in prosecuting this action. Plaintiff has taken no action in over eight months to prosecute this matter. The failure to comply with this court's scheduling order has resulted in undue delay and the record supports a finding that the delay was intentional. In addition to taking no action to further prosecute this case in accordance with this court's scheduling order, the plaintiff failed to respond to or comply with the court's order issued May 1, 2008.

This court will not condone, by the failure to impose a serious sanction, ignoring its orders. Because the plaintiff is proceeding in forma pauperis, a monetary sanction would be ineffective. Prohibiting the plaintiff from filing a pretrial order would not likely have any effect. Under the circumstances of this case, an appropriate sanction under Rule 16(f) for failing to comply with this court's scheduling order and under Uniform Local Rule 41.3M for failure to prosecute, is dismissal, without prejudice.

Accordingly, this action shall be dismissed for failure to comply with the court's scheduling order and failure to prosecute pursuant to Rule 16(f), Federal Rules of Civil Procedure and Uniform Local Rule 41.3M, respectively.

Baton Rouge, Louisiana, May 27, 2008.

RALPH E. TYSON, CHIEF JUDGE
MIDDLE DISTRICT OF LOUISIANA